IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION § § § Plaintiff, § | § | CIVIL ACTION NO. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| THE UNIVERSITY OF PHOENIX, INC. § § Defendant | § | |

## ORIGINAL COMPLAINT

1. This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended,* to correct unlawful employment practices because of the filing of a charge of discrimination or otherwise participating in an investigation, proceeding or hearing arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §20002 *et seq.* ("Title VII") and to provide appropriate relief to Latrish Elaine Tarhini who was adversely affected by such practices. The Defendant, The University of Phoenix, Inc. ("Defendant" or "UPX") unlawfully refused to select Latrish Elaine Tarhini ("Charging Party" or "Tarhini") for programs and positions with it in retaliation for her prior filing of a charge of discrimination on the basis of sex. Specifically, Tarhini previously filed a charge of discrimination against UPX alleging it had withdrawn a promotion offered to her after learning of her pregnancy. This charge was resolved with a negotiated settlement in her favor in 2005. After applying for positions and programs which could lead to management opportunities within the company, Tarhini learned in early 2007 that management officials stated she would never be considered for management because of her previous EEOC charge.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3. Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5. Defendant The University of Phoenix, Inc. has continuously been and is now doing business in the State of Texas and the City of Houston and has continuously had more than 15 employees. Defendant UPX may be served by serving its registered agent for service of process, Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701

6. At all relevant times, UPX has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Tarhini filed a charge of discrimination with the Commission alleging violation of Title VII by UPX. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2006, UPX has engaged in unlawful employment practices at one of its Houston, Texas locations, in violation of Section 704(a) of Title VII.

9. In the fall of 2004, Tarhini had been offered a promotion at UPX in the Corporate Relations Department. Shortly thereafter, upon learning of her pregnancy, the offer was withdrawn and she was demoted back to her former position. She filed a charge of discrimination with the EEOC alleging that UPX had discriminated against her on the basis of sex, specifically pregnancy.

10. In May 2005 a negotiated settlement agreement was entered into between Tarhini and UPX resolving her EEOC pregnancy charge of discrimination. As a result of the settlement, she was placed in the position she'd previously been promoted to, received a salary increase and a back pay award representing the difference in pay she would have earned in the position had she been placed in the position as originally offered.

11. Thereafter, Tarhini's work was subjected to constant heightened scrutiny by management and she was assigned to a campus that required an extraordinarily long commute and lengthy work days. As a result, she voluntarily agreed to return to her prior position with UPX.

12. In December 2006, Charging Party applied to participate in the company's Leadership Development Program. Although she met all of the qualifications for entry into the program, and UPX had several openings available in the program, she was denied

acceptance into this program. UPX accepted candidates into the program at the time of Tarhini's application, whose performance evaluations were rated at the level of meets expectations, the same as Charging Party's.

13. In December 2006, Tarhini also sought a Team Lead Position with UPX. She met all of the qualifications for the Team Lead positions UPX had available. However, she was not selected for any of the Team Lead positions. UPX appointed several employees as Team Leads at the time Charging Party sought appointment whose performance evaluations were rated at the level of meets expectations, the same as Charging Party's.

14. Acceptance into the Leadership Development Program provides training opportunities which could lead to advancement into management positions within UPX. Similarly, appointment as a Team Lead can provide selected employees with developmental opportunities for future advancement within UPX.

15. In January 2007, Charging Party learned, for the first time, that members of UPX's management had said that Tarhini would never be a manager or even considered for management because of her prior EEOC charge of discrimination. She was advised that while they might let her proceed through the process of interviewing, she would not be considered for a position.

16. The effect of the practices complained of above has been to deprive Ms. Tarhini of equal employment opportunities and otherwise adversely affect her status as an employee because of her protected activity in violation of Title VII.

17. The unlawful employment practices described above were intentional and were committed with malice or with reckless indifference for the federally protected civil rights of Ms. Tarhini.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

18. Grant a permanent injunction enjoining The University of Phoenix, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of opposition to discrimination;

19. Order The University of Phoenix to institute and carry out policies, practices and procedures which provide equal employment opportunities for employees engaging in protected activity and which eradicates the effects of its past and present unlawful employment practices;

20. Order The University of Phoenix to make Ms. Tarhini whole by paying compensatory damages to her for her past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses she suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

21. Award punitive damages to Ms. Tarhini for The University of Phoenix's malicious and/or reckless conduct described above, in amounts to be proven at trial;

22. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

23. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

24. Award the Commission its costs in this action; and

25. Grant such other and further relief as the Court deems necessary and proper.

<u>JURY TRIAL DEMANDED</u>

26. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
1801 L. Street, N.W.
Washington, D.C. 20507

By: /s/Kathy D. Boutchee
    Kathy D. Boutchee
    Attorney-in-Charge
    TBN: 02717500
    SDN: 10145
    EEOC
    Houston District Office
    1919 Smith Street, 7th Floor
    Houston, Texas 77002
    (713) 209-3399
    Fax: (713) 209-3402
    Email: kathy.boutchee@eeoc.gov

ATTORNEYS FOR PLAINTIFF

<u>OF COUNSEL</u>
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402